**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 12-20345-CIV FAM

**THOMAS E. METCALFE,**

       **Plaintiff,**

v.

**PATRICK R. DONAHOE,**
Postmaster General,
United State Postal Service,

       **Defendant.**

_____/

## DEFENDANT'S MOTION FOR LIMITED DISCLOSURE OF ADMINISTRATIVE RECORDS

COMES NOW the United States of America, through counsel, and pursuant to Title 5, United States Code, Section 552a(b)(11), to respectfully move for an order authorizing the limited release and disclosure of two notebooks of Enrique Suarez, as maintained by the United States Postal Service ("USPS"), a federal executive agency, which are related to the above-styled proceedings, and as grounds therefore would show as follows:

1.    On January 27, 2012, the Plaintiff filed his complaint against the Defendant alleging violation of his civil rights pursuant to ADEA and Title VII. In essence, Metcalfe's allegations, as contained in the Complaint, are that the USPS subjected him to a hostile work environment and treated him differently than it treated other similarly situated USPS based upon his protected classes (race, national origin, and age).[1]

---

[1] As noted above, in Count I of Complaint, ¶¶ 4, 7, and 8, Plaintiff alleges that the Defendant discriminated against him through "a well-known ut undeclared policy of Mr. Suarez to eliminate Caucasian-non-Hispanics from positions within senior management at Defendant's facility in Miami, Florida and replace them with Hispanic managers." As stated in Count II of Complaint, ¶¶ 12 and 13, Plaintiff alleges that the Defendant discriminated against him by "refusing to consider Plaintiff for the same position that he had held. Such refusal was orchestrated by one Enrique Suarez and was based upon the reason that Plaintiff is a Caucasian-non-Hispanic and Mr. Suarez, Plaintiff's supervisor[,] wanted the job filled by a Hispanic employee." As stated in Count III of Complaint, ¶¶ 18 and 19, Plaintiff re-alleges that previously alleged in Count I citing Title 42, United States Code, Section 1983. And as stated in Count IV of Complaint, ¶ 26, Plaintiff alleges that the Defendant discriminated against Plaintiff based upon age when he "was informed that his position was being eliminated" when in fact "Plaintiff's position was not eliminated by Defendant and Plaintiff was replaced by a person who was under the age of forty and who was less qualified than Plaintiff for the position Plaintiff had held."

2.  In accordance with routine discovery, Plaintiff has requested that the Defendant produce the two notebooks of Enrique Suarez, as maintained by the USPS.[2]

3.  The Government has agreed to provide the Plaintiff with a copy of the two notebooks of Enrique Suarez, as maintained by the USPS.

4.  While the Government intends to comply with its disclosure obligations regarding these records, disclosure of the aforementioned documents (hereinafter, "Pertinent Material") are subject to Title 5, United States Code, Section 552 (the Privacy Act).

5.  Title 5, United States Code, Section 552a(b) provides as follows:

No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be–

. . . .

(11)  pursuant to the order of a court of competent jurisdiction;

6.  Moreover, the Eleventh Circuit has recognized that requests for court orders under §552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure.

> Under 5 U.S.C.A. §552a(b), government agencies can release information about individuals only under certain circumstances. Release is allowed when a court of competent jurisdiction so orders. 5 U.S.C.A. §552a(b)(11)(West 1977). Requests for court orders under §552a(b)(11) should be evaluated by balancing the need for the disclosure against the potential harm to the subject of the disclosure. *Stiles v. Atlanta Gas Light Co.*, 453 F.Supp. 798 (N.D. Ga. 1978); *Christy v. United States*, 68 F.R.D. 375 (N.D.Tex. 1975).

*Perry v. State Farm Fire & Casualty Company*, 734 F.2d 1441, 1447 (11th Cir. 1984).

7.  It is the position of the Government that upon disclosure, the Pertinent Material shall be used reasonably and in good faith solely in the preparation and litigation of this case and that such material shall not be disseminated or used by the parties, their counsel, or any other person to whom disclosure is made, for any other purpose.

8.  It is also the position of the Government that any person to whom the Pertinent Material is disclosed in the course of this litigation, other than in-court disclosure, shall be informed of the use restriction imposed by the Court's order prior to the disclosure to said person who shall acknowledge his/her agreement to be bound by the order.

---

[2] These two notebooks contain the contemporaneously made handwritten notes of Enrique Suarez, regarding his work as Acting District Manager, Acting Plant Manager, and Plant Manager for the USPS during the time and at the places at issue in the Complaint in the above-styled proceedings.

9. It is also the position of the Government that any disclosed Pertinent Material, shall be returned to the Government within a reasonable time after the conclusion of this action, including appeals, if any.

10. It is also the position of the Government that the Court's order of disclosure of the Pertinent Material is applicable solely to Privacy Act issues, and does not prejudice the rights of the parties to raise objections to the discovery of, or admissibility of, any document, or to assert any applicable privilege.

11. In compliance with Local Rule 7.1A(3) of this Court, the Defendant reports that Counsel for Plaintiff does not oppose the Defendant's Motion.

WHEREFORE, the United States of America, through counsel, and pursuant to Title 5, United States Code, Section 552a(b)(11), respectfully moves this Honorable Court for an order authorizing the limited release and disclosure of all such Pertinent Material, that is, the two notebooks of Enrique Suarez, as maintained by the United States Postal Service, which are related to the above-styled proceedings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By   s/ Charles S. White
CHARLES S. WHITE
Fla. Bar No. 394981
Assistant United States Attorney
99 N.E. 4th Street, Suite 300
Miami, Florida  33132
Tel. (305) 961-9286
Fax. (305) 530-7139
E-mail: charles.white@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20345-CIV FAM

THOMAS E. METCALFE,

       Plaintiff,

v.

PATRICK R. DONAHOE,
POSTMASTER GENERAL,

       Defendant.
_____/

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 26, 2012 I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      Respectfully submitted,

      WIFREDO A. FERRER
      UNITED STATES ATTORNEY

By    s/ Charles S. White
      CHARLES S. WHITE
      Fla. Bar No. 394981
      Assistant United States Attorney
      99 N.E. 4th Street, Suite 300
      Miami, Florida  33131
      Tel. (305) 961-9286
      Fax. (305) 530-7139
      E-mail: charles.white@usdoj.gov

**SERVICE LIST**
**METCALFE v. DONAHOE**
**Case No. 12-20345-CIV FAM**
**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

Charles M. Eiss, Esq.
Lcelaw21@aol.com
8211 West Broward Boulevard, Suite 360
Plantation, Florida   33324
Tel: (954) 812-9513
Fax: (954) 473-4907
Counsel for Plaintiff

Charles S. White
Assistant United States Attorney
charles.white@usdoj.gov
99 N.E. 4th Street, Suit 300
Miami, Florida  33132
Tel. (305) 961-9286
Fax. (305) 530-7139
Attorney for Defendant